**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-1857-RBJ

ANDREW COLWELL,

    Plaintiff,

v.

IHEARTMEDIA, INC.,

    Defendant.

---

UNOPPOSED MOTION TO STAY PROCEEDINGS

---

Defendant iHeartMedia, Inc. ("iHeartMedia")[1] by and through its undersigned counsel, hereby submits this Unopposed Motion to Stay Proceedings pending resolution in Colwell v. Eleven Creative Services LLC, Civil Action No. 18-cv-2784-CMA-STV, as follows:

**Certificate of Compliance with D.C.COLO.LCivR 7.1(a)**

Counsel for moving party has conferred with opposing counsel regarding this Motion to Stay Proceedings and opposing counsel has indicated they do not oppose.

**Background**

On June 28, 2019, iHeartMedia was served notice of this action by Plaintiff in this action ("Plaintiff" or "Colwell"), based on claims of copyright infringement under

---

[1] iHeartMedia, Inc. is not the entity owning the assets at issue in this case and has no other interest legal or otherwise in this dispute. iHeartMedia, Inc. reserves all rights, arguments and defenses in this case.

Section §501 of the Copyright Act and removal and/or copyright management information under Section §1202(b) of the Digital Millennium Copyright Act.

In the Complaint, Colwell alleges that iHeartMedia "copied the photograph from the Denver Post." However, iHeartMedia did not copy the photograph in question, but rather received the photograph by email directly from Eleven Creative Services, LLC ("11Creative") Co-Founder Lacey Spruce on April 26, 2018, attached hereto as Exhibit 1.  11Creative possessed the right to use and distribute the photograph at their sole discretion.

The ownership, licensing and display rights to the photograph in question are currently being litigated in Colwell v. Eleven Creative Services LLC, Civil Action No. 18-cv-2784-CMA-STV, and the outcome of that case will have a direct impact on the validity of the claims in this action.

If it is determined that 11Creative does have the right to distribute and display the photograph in question, Colwell will not have standing to bring his claims against iHeartMedia.

Therefore, in the interest of judicial economy, efficiency and consistency, iHeartMedia hereby respectfully requests that the Court stay proceedings in this matter pending the outcome of Colwell v. Eleven Creative Services LLC, Civil Action No. 18-cv-2784-CMA-STV, as the outcome will directly impact these proceedings.

## **Legal Authority**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).  A court's discretion should be exercised in light of a number of non-dispositive factors, including, but not limited to (1) plaintiff's interest in proceeding expeditiously, and the prejudice to plaintiff of a delay; (2) the burden on defendants; (3) the convenience of the court; (4) the interests of non-parties in resolution of the case; and (5) the public interest.  See *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at 2 (D. Colo. March 30, 2006).  When the outcome of another case will be "determinative of a large portion of this action… judicial economy warrants judicial patience".  *Hawg Tools, Ltd. Liab. Co. v. Newsco Int'l Energy Servs.*, Civil Action No. 14-cv-03011-REB-MJW, 2015 U.S. Dist. LEXIS 28420, at 4 (D. Colo. Mar. 9, 2015) ("*Hawg Tools")*. "The greater public good is plainly favored by the avoidance of unnecessary expenditures of public and private resources on litigation; the conservation of judicial, attorney, and party resources; and the quick, efficient, and just resolution of all cases on the court's docket." *Id. citing Samuels v. Davis*, 2015 U.S. Dist. LEXIS 5521, 2015 WL 232121 at 3 (D. Colo. Jan. 16, 2015).

### Discussion

**I.     Potential Prejudice to the Non-Moving Parties**

There is no potential prejudice to the Plaintiff in this case by granting a stay, as is shown by Plaintiff's agreement not to oppose this motion. iHeartMedia is no longer displaying the photograph at issue in any public forum and Colwell does not raise any claims for ongoing infringement or damages. In fact, staying these proceedings will allow Colwell and his attorneys to focus their attention to the other ongoing case in this district, Colwell v. Eleven Creative Services LLC, Civil Action No. 18-cv-2784-CMA-STV, the outcome of which will likely greatly influence their position in this matter.

**II.     Burden on iHeartMedia**

If this action is not stayed iHeartMedia will be forced to spend considerable resources defending themselves against claims which may well be determined to be moot by the ruling of another Court in this district.  There is also a possibility of inconsistent rulings if this case is not stayed, potentially having a negative effect on the outcome of both cases if this one is not stayed.

**III.     Convenience of the Court**

Staying the proceedings in this action will not inconvenience the Court and is in the interest of judicial economy.  The Plaintiff's standing to bring the claims asserted will be directly impacted by the outcome of Mr. Colwell's dispute with

11Creative. Further, there is a threat of inconsistent rulings should two courts in the district consider the same set of facts. Staying this action will prevent both parties and the Court from spending potentially unnecessary time and resources litigating this action. There is a high likelihood that the outcome of the 11Creative case may render this action moot altogether, and a stay will properly address this issue.

### IV. & V.  Interests of Non-Parties & The Public Interests

The interests of non-parties and the public are the same in this case. Allocating attorney, judicial and party resources appropriately is aligned with the public interest. Cases should be adjudicated efficiently, and if the outcome of one case potentially eliminates the need for another lawsuit on the court's docket then the public interest is served with "judicial patience" as Judge Blackburn eloquently noted in *Hawg Tools* cited above.

### Conclusion

The District Court has broad discretion to stay proceedings and the factors to be considered weigh heavily in favor of granting this Unopposed Motion to Stay Proceedings. Therefore, the Court should grant Defendant iHeartMedia's Motion to Stay Proceedings in this action pending the outcome of Colwell v. Eleven Creative Services LLC, Civil Action No. 18-cv-2784-CMA-STV.

DATED in Denver, Colorado this 19th day of July 2019.

> s/ Matthew Charles Williamson
> **Matthew Charles Williamson**
> **Jessie Laura Pellant**

StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: mwilliamson@studioiplaw.com
        jpellant@studioiplaw.com
Attorneys for Defendant iHeartMedia, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2019, I electronically filed the foregoing UNOPPOSED MOTION TO STAY PROCEEDINGS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys for all parties.

                                          s/ Matthew Charles Williamson
                                          ***Matthew Charles Williamson***
                                          ***Jessie Laura Pellant***
                                          StudioIP Law
                                          600 Seventeenth Street, Suite 2800
                                          Denver, CO 80202
                                          Telephone: (720) 443-1773
                                          E-mail: mwilliamson@studioiplaw.com
                                                               jpellant@studioiplaw.com
                                          Attorneys for Defendant iHeartMedia, Inc.